## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

SHERMANITA MCCANTS,

       Plaintiff,

v.                                                                   Case No.:  3:16-cv-435-J-34PDB

ENHANCED RECOVERY
COMPANY, LLC,
A Foreign Limited Liability Company,

       Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS COMPLAINT,
## OR ALTERNATIVELY FOR ORDER TO SHOW CAUSE
## AND SUPPORTING MEMORANDUM OF LAW

Defendant Enhanced Recovery Company, LLC ("ERC"), by and through its undersigned

counsel and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Middle District

Local Rule 3.10(a) hereby files this Motion to Dismiss Plaintiff Shermanita McCants's

("Plaintiff") Complaint, or Alternatively for Order to Show Cause why this case should not be

dismissed, and as grounds therefore state as follows:

## I.        BACKGROUND FACTS

On April 13, 2016, Plaintiff filed her Complaint alleging that Defendant failed to pay

overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA").

(Dkt. No. 1).  On May 5, 2016, Defendant filed its Answer and Affirmative Defenses denying

that it violated the FLSA.  (Dkt No. 7).  On June 13, 2017, Richard Celler, Esq., Noah E. Storch,

Esq., and the law firm of Richard Celler Legal, P.A., filed a Motion to Withdraw as Counsel for

Plaintiff citing irreconcilable differences.  (Dkt. No. 25).  On June 30, 2017, the Court granted

the Motion to Withdraw.  (Dkt. No. 27).  The Court ordered Plaintiff to notify the Court by July

31, 2017, regarding new counsel or her intention to represent herself.  (Dkt. No. 27).  As of the filing of this Motion, Plaintiff has failed to provide any notice to this Court regarding representation.  The Court also set new deadlines, including: (1) a September 5, 2017 deadline for completing all discovery, and (2) a September 19, 2017 deadline for participating in mediation.  (Dkt. No. 27).

On August 7, 2017, the undersigned attempted to reach Plaintiff via telephone and left two voicemail messages for Plaintiff on the following telephone numbers:  (904) 525-4169 and (904) 541-4155.  (Dave Aff., ¶ 3).[1]  Plaintiff has failed to return the undersigned's telephone calls.  (Dave Aff., ¶ 6).  On August 18, 2017, the undersigned sent a letter to Plaintiff regarding case management deadlines including discovery and mediation deadlines.  (Dave Aff., ¶ 4, Exh. A).  However, Plaintiff failed to contact the undersigned as requested.  (Dave Aff., ¶ 6).  On August 21, 2017, the undersigned sent a letter to Plaintiff requesting supplementation and clarification of discovery responses.  (Dave Aff., ¶ 5, Exh. B).  However, Plaintiff has failed to contact the undersigned as requested.  (Dave Aff., ¶ 6).

Pursuant to the Middle District Local Rule 3.01(g), the undersigned certifies that he has attempted to confer with Plaintiff regarding this motion by leaving voicemail messages, e-mail, and certified mail.  (Dave Aff., ¶ 6).  Although the undersigned was unable to confer with Plaintiff, the undersigned will continue to try and contact Plaintiff and supplement the motion promptly regarding the issues presented should he be able to confer with Plaintiff.

As explained below, Plaintiff's Complaint should be dismissed for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P., or an Order to Show Cause should be issued pursuant to Local Rule 3.10(a).

## II.      MEMORANDUM OF LAW

Pursuant to Rule 41(b), Fed. R. Civ. P., a defendant may move to dismiss the action if the plaintiff fails to "prosecute or to comply with these rules or a court order."  The court's power to dismiss under Rule 41 "is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."  *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).  While a dismissal with prejudice is a "sanction of last resort, applicable only in extreme circumstances," a dismissal without prejudice may be entered where no such extreme circumstances are present. *McKelvey v. AT&T Techs.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see Dynes v. Army Air Force-Exchange Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) ("Although this case does not involve a series of violation of court rules or pretrial orders, because the case was dismissed without prejudice, we cannot say that the district court abused its discretion.").  Further, pursuant to Local Rule 3.10(a), "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution."

Plaintiff has failed to notify the Court as to whether she will proceed without counsel, and failed to make any attempt to otherwise comply with this Court's June 30, 2017 Order.  Plaintiff has also failed to respond in any fashion to the undersigned's multiple attempts to make contact. Therefore, the Court should dismiss this action for failure to prosecute or issue an order to show cause why this case should not be dismissed.

## III.      CONCLUSION

WHEREFORE, Defendant Enhanced Recovery Company, LLC, respectfully requests that this Court enter an Order: (i) granting this Motion; (ii) staying the existing case management and

---

[1] A true and correct copy of the Affidavit of Yash B. Dave (hereafter "Dave Aff.") is attached hereto.

discovery deadlines in this case pending the Court's ruling on this Motion; (iii) dismissing this action in its entirety or issuing an order to show cause; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: August 25, 2017                      Respectfully submitted,

                                            **SMITH, GAMBRELL & RUSSELL, LLP**

                                            By: /s/Yash B. Dave
                                                Patricia J. Hill - Trial Counsel
                                                Florida Bar No. 0091324
                                                pjhill@sgrlaw.com
                                                Yash B. Dave
                                                Florida Bar No. 0068573
                                                ydave@sgrlaw.com
                                                50 N. Laura Street, Suite 2600
                                                Jacksonville, Florida  32202
                                                Telephone:  (904) 598-6100
                                                Facsimile:   (904) 598-6240
                                                **Attorneys for Enhanced Recovery Company,
                                                LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of August, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send an e-mail notification of such filing and via U.S. Mail to the following:

Ms. Shermanita McCants
575 Oakleaf Plantation Parkway, #903
Orange Park, Florida 32065
shermanitamccants@yahoo.com
*Pro Se Plaintiff*

                                            /s/Yash B. Dave
                                                Attorney