UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHERMANITA MCCANTS,

       Plaintiff,

v.                                Case No.:  3:16-cv-435-J-34PDB

ENHANCED RECOVERY
COMPANY, LLC,
A Foreign Limited Liability Company,

       Defendant.
_____/

## AFFIDAVIT OF YASH B. DAVE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY FOR ORDER TO SHOW CAUSE

    I, Yash B. Dave, being first duly sworn in accordance with the law, depose and state:

    1.      My name is Yash B. Dave.  I am an attorney at Smith, Gambrell & Russell, LLP; 50 North Laura Street, Suite 2600; Jacksonville, Florida 32202.  I am one of the attorneys representing Defendant Enhanced Recovery Company, LLC ("Defendant") in the above-captioned matter.

    2.      I am over the age of 21 and have personal knowledge of the facts contained in this affidavit and, if called as a witness, could competently testify to those facts.

    3.      On August 7, 2017, I attempted to reach Plaintiff Shermanita McCants ("Plaintiff") via telephone and left two voicemail messages for Plaintiff on the following telephone numbers:  (904) 525-4169 and (904) 541-4155.

1

4.      On August 18, 2017, I sent a letter to Plaintiff via e-mail and U.S. Mail regarding case management deadlines including discovery and mediation deadlines.  A true and accurate copy of the August 18, 2017 letter to Plaintiff is attached hereto as Exhibit A.

5.      On August 21, 2017, I sent a letter to Plaintiff via e-mail and U.S. Mail requesting supplementation and clarification of discovery responses.  A true and accurate copy of the August 21, 2017 letter to Plaintiff is attached hereto as Exhibit B.

6.      As of the filing of this Affidavit, I have received no communication from the Plaintiff.  I will continue to attempt to confer with Plaintiff and agree to file a supplementary certificate in accordance with Local Rule 3.01(g).

FURTHER AFFIANT SAYETH NOT.

Yash B. Dave

Sworn to and subscribed before me on this 23rd day of August, 2017 by Yash B. Dave who is personally known to me.

Notary Public
My commission expires: 10/30/2021
[AFFIX NOTARIAL SEAL OR STAMP]

Notary Public State of Florida
Maxine L Lewis
My Commission GG 121784
Expires 10/30/2021

2

| | |
|---|---|
| **From:** | Price, Alexandrea <aprice@sgrlaw.com> |
| **Sent:** | Friday, August 18, 2017 10:14 AM |
| **To:** | SHERMANITAMCCANTS@YAHOO.COM |
| **Cc:** | Dave, Yash B. |
| **Subject:** | Shermanita McCants v. Enhanced Recovery Company, LLC |
| **Attachments:** | Letter to S. McCants 8-18-2017.PDF |

Ms. McCants,

Please see the attached correspondence from Yash B. Dave, which now contains a copy of the Order which was inadvertently not included in the previous email.  Please contact attorney Dave directly with any questions.

ALEXANDREA  PRICE | **Temporary Legal Secretary**

904-598-6100, x86404 *phone*
904-598-6300 *fax*
*www.sgrlaw.com*
*aprice@sgrlaw.com*

50 North Laura Street
Suite 2600
Jacksonville, Florida 32202

**SGR** SMITH, GAMBRELL & RUSSELL, LLP

**EXHIBIT "A"**

*Suite 2600, Bank of America Tower*
*50 North Laura Street*
*Jacksonville, Florida 32202*
*Main: 904 598-6100*
*www.sgrlaw.com*

# SMITH, GAMBRELL & RUSSELL, LLP

*Attorneys at Law*

*Yash B. Dave*
*Direct Tel:  (904) 598-6115*
*Direct Fax:  (904) 598-6215*
*ydave@sgrlaw.com*

August 18, 2017

**VIA E-MAIL**
**SHERMANITAMCCANTS@YAHOO.COM**
**VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

Ms. Shermanita McCants
575 Oakleaf Plantation Parkway, #903
Orange Park, Florida 32065

**Re:**   **Shermanita McCants v. Enhanced Recovery Company, LLC**

Dear Ms. McCants:

As you know, I represent Enhanced Recovery Company, LLC ("ERC") in the above-referenced case.  On June 30, 2017, your legal counsel, Richard Cellar, Noah Storch, and Richard Cellar Legal, P.A., withdrew from representing you in this case.  Pursuant to the Court's June 30, 2017 Order (a copy of which is enclosed for your convenience), you were required to notify the Court by July 31, 2017 of your intent to represent yourself or have your new counsel file an appearance on your behalf.  As of the date of this letter, you have not done either of these things.

On August 7, 2017, I attempted to reach you via telephone and left two voicemail messages for you on the following telephone numbers:  (904) 525-4169 and (904) 541-4155.  However, as of the date of this letter you have not returned my calls.  Pursuant to the enclosed Court Order, there are several case management deadlines that are coming up in this case, including discovery and mediation deadlines.  As such, I respectfully request that you contact me at your earliest convenience to discuss the upcoming case management deadline and your intent to prosecute this case.  If I do not hear from you by Friday, August 25, 2017, I will assume you do not intend to prosecute this case and will file a motion with the court requesting that the court dismiss your case for failure to diligently prosecute and/or issue an order to show cause why the case should not be dismissed.

Very truly yours,

Yash B. Dave

YBD/yd
Enclosure

*Atlanta | Austin | Jacksonville | London | Munich | New York | Southampton | Washington, D.C.*

United States District Court
Middle District of Florida
Jacksonville Division

SHERMANITA MCCANTS,

      *Plaintiff,*

v.                                           No. 3:16-CV-435-J-34PDB

ENHANCED RECOVERY COMPANY, LLC,

      *Defendant.*

---

## Order

Without opposition from the defendant and having complied with Local Rules 2.03(b) and 3.01(g), Richard Cellar, Noah Storch, and Richard Cellar Legal, P.A., ask the Court for permission to withdraw as the plaintiff's counsel due to irreconcilable differences. Doc. 25.

Because irreconcilable differences have arisen between the plaintiff and her counsel and the motion to withdraw is unopposed, the Court **grants** the motion, Doc. 25; **permits** Mr. Cellar, Mr. Storch, and Richard Cellar Legal, P.A., to withdraw from representing the plaintiff in this case; and **directs** them to provide her with a copy of this order. By **July 31, 2017**, new counsel must enter an appearance for the plaintiff or she must notify the Court she intends to represent herself.

The plaintiff's former counsel requests a 60-day extension of all current deadlines to allow the plaintiff time to find new counsel. Finding good cause for the extension, the Court **grants** the request and sets the following dates and deadlines:

| Action or Event | Deadline or Date |
|---|---|
| Deadline for completing all discovery | 09/05/17 |
| Deadline for participating in mediation | 09/19/17 |
| Deadline for filing any dispositive and *Daubert* motions | 10/03/17 |
| Deadline for filing all other motions, including motions in limine | 01/29/18 |
| Deadline for filing responses to all other motions, including motions in limine | 02/12/18 |
| Deadline for filing the joint final pretrial statement | 02/12/18 |
| Date and time of the final pretrial conference | 02/20/18 10:00 a.m. |
| Trial term begins | 03/05/18 9:30 a.m. |

All other instructions in the Court's case management and scheduling order, Doc. 21, remain in effect.

**Ordered** in Jacksonville, Florida, on June 30, 2017.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:      Counsel of Record
        Richard Cellar
        Noah Storch

2

**From:**          Price, Alexandrea <aprice@sgrlaw.com>
**Sent:**          Monday, August 21, 2017 4:42 PM
**To:**            SHERMANITAMCCANTS@YAHOO.COM
**Cc:**            Dave, Yash B.; Jones, Ian; Lewis, Maxine
**Subject:**       Shermanita McCants v. Enhanced Recovery Company, LLC
**Attachments:**   Letter to S. McCants 8-21-2017.PDF

Ms. McCants,

At the request of  Yash B. Dave, Esq., please see the attached correspondence.  Please contact attorney Dave directly with any questions.

**ALEXANDREA  PRICE** | **Temporary Legal Secretary**

904-598-6100, x86404 *phone*
904-598-6300 *fax*
*www.sgrlaw.com*
*aprice@sgrlaw.com*

50 North Laura Street
Suite 2600
Jacksonville, Florida 32202

**SGR** SMITH, GAMBRELL & RUSSELL, LLP

1          **EXHIBIT "B"**

*Suite 2600, Bank of America Tower*
*50 North Laura Street*
*Jacksonville, Florida 32202*
*Main: 904 598-6100*
*www.sgrlaw.com*

SMITH, GAMBRELL & RUSSELL, LLP

*Attorneys at Law*

*Yash B. Dave*
*Direct Tel:  (904) 598-6115*
*Direct Fax:  (904) 598-6215*
*ydave@sgrlaw.com*

August 21, 2017

**VIA E-MAIL**
**SHERMANITAMCCANTS@YAHOO.COM**
**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Ms. Shermanita McCants
575 Oakleaf Plantation Parkway, #903
Orange Park, Florida 32065

**Re:    Shermanita McCants v. Enhanced Recovery Company, LLC**

Dear Ms. McCants:

  This letter is to request that you supplement your responses to Defendant's discovery requests, pursuant to Rule 26(e)(2) of the Federal Rules of Civil Procedure, on or before August 25, 2017.  Rule 26(e)(2) requires that a party supplement its discovery responses to the extent that they are incomplete and/or inaccurate.  Specifically, please clarify how you calculated the hours worked for which you claim you did not receive proper overtime compensation as identified in your response to the Court's interrogatories (Dkt. No. 11), your supplemental response to Interrogatory No. 2, and your response to Interrogatory No. 17.  (*See* Enclosures). These contradictory calculations were provided by you at various times throughout this litigation.  Please describe how you calculated your unpaid overtime hours for each pay date identified so that Defendant may better understand your allegations.

  Please feel free to contact me if you have any questions.

        Very truly yours,

        Yash B. Dave

YBD/imj
Enclosures


*Atlanta | Austin | Jacksonville | London | Munich | New York | Southampton | Washington, D.C.*

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**SHERMANITA McCANTS,**

**CASE NO.: 3:16-cv435-J-34PDB**

       **Plaintiff,**

**v.**

**ENHANCED RECOVERY COMPANY, LLC, a Foreign Limited Liability Company,**

       **Defendant.**

_____/

## PLAINTIFF'S NOTICE OF FILING ANSWERS TO COURT INTERROGATORIES

Plaintiff, SHERMANITA McCANTS, by and through her undersigned counsel and pursuant to the Local Rules for the Middle District of Florida, hereby gives Notice of Filing her Amended Answers to Court Interrogatories. *See* attached as Exhibit A.

Respectfully submitted this 12th day of May, 2016.

**/s RICHARD CELLER**
RICHARD CELLER
FL Bar No.: 173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel: 866-344-9243
Fax: 954-337-2771
E-mail: richard@floridaovertimelawyer.com


*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was filed and served this 12th day of May, 2016, using the CM/ECF system, which shall send a true and correct copy of same to Defendant's counsel of record.

**/s RICHARD CELLER**
RICHARD CELLER

# EXHIBIT A

## COURT'S INTERROGATORIES TO PLAINTIFF

1. During what period of time were you employed by the Defendant?
**September 15, 2008 through December 18, 2015**

2. Who was your immediate supervisor?
**Brian Polinsky**

3. Did you have a regularly scheduled work period? If so, specify.
**I worked Monday through Friday whatever schedule they had us on for that week. Most times it was three days from 8:00 a.m. – 5:00 p.m. and two late nights from 12:00 p.m. – 9:00 pm. I was required to work alternating Saturdays at a minimum of 4 hours and I worked some Sundays. My schedule was subject to change whenever they wanted to change it without warning. I've been made to work a 2:00 p.m. – 11:00 p.m. schedule as well.**

4. What was your title or position? Briefly describe your job duties.
**I was a Senior Collections Agent with a primary duty of following-up for the collection of overdue accounts.**

5. What was your regular rate of pay?
**$14.78 per hour upon termination**

6. Provide an accounting of your claim, including:

   (a) Dates:
   **September 15, 2008 through December 18, 2015. For purposes of this claim, Plaintiff is claiming back wages from April 13, 2013, through December 18, 2015 (approximately 140 weeks).**

   (b) regular hours worked: **40 hours weekly**

   (c) over-time hours worked: **5 (average) hours per week**

   (d) pay received versus pay claimed: **Paid straight time for all overtime hours**

   (e) total amount claimed:
   **$14.78 x .5 = $7.39 x 5 hours of overtime = $36.95 x 140 weeks = $5,173.00 (unliquidated) and $10,346.00 (liquidated).**

7. When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?
**I spoke with my manager at the time, Donyac Baylor, back in 2008 after receiving my paycheck and realizing that the overtime for the weekend was listed as straight hourly pay.**

8. Was this complaint written or oral? (If a written complaint, please attach a copy).
   **Oral**

9. What was your employer's response? (If a written response, please attach a copy).
   **He told me that ERC doesn't pay overtime instead they will give comp time at their discretion. I told him that was illegal and that I had researched it online. He said that they make their rules. I continued working because I needed a job.**

10. Did you maintain any records of the hours you worked? If so, identify all such records.
    **Yes, I have copies of most paystubs received during my employment for Defendant.**

*Shermenita M C Clants*

**Plaintiff's Signature**

*Shermanita McClants*

**Plaintiff's Printed Name**

**STATE OF FLORIDA**
COUNTY OF ___Clay___

BEFORE ME, the undersigned authority, on this day, personally appeared _Shermanita McClants_ who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

**SWORN TO AND SUBSCRIBED** before me on this _29_ day of _April_, 2016.

---

N. SKYE SUMMERS
MY COMMISSION #FF242228
EXPIRES: APR 16, 2017
Bonded through 1st State Insurance

**Notary Stamp**

NOTARY PUBLIC

*N Skye Summers*

Signature of Person Taking the
Acknowledgement
Print Name: _N Skye Summers_
Title: Notary Public
Serial No. (if any):
Commission Expires: _Apr 16, 2017_

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**SHERMANITA MCCANTS,**

       **Plaintiff,**

**v.**                         **Case No.:  3:16-cv-435-J-34PDB**

**ENHANCED RECOVERY**
**COMPANY, LLC,**
**A Foreign Limited Liability Company,**

       **Defendant.**
_____/

**<u>PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S</u>**
**<u>FIRST SET OF INTERROGATORIES</u>**

       Plaintiff, SHERMANITA MCCANTS, by and through her undersigned counsel, pursuant

to the Local Rules for the Middle District of Florida and the Federal Rules of Civil Procedure,

hereby serves her supplemental responses to Defendants' First Set of Interrogatories.

       Dated this 12th day of December, 2016.

                               Respectfully submitted,

                               **<u>s/ NOAH E. STORCH</u>**
                               Noah E. Storch, Esq.
                               Florida Bar No.: 0085476
                               RICHARD CELLER LEGAL, P.A.
                               7450 Griffin Road, Suite 230
                               Davie, Florida  33314
                               Telephone: (866) 344-9243
                               Facsimile: (954) 337-2771
                               Email:  **<u>noah@floridaovertimelawyer.com</u>**

                               *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of December 2016, I sent the foregoing via E-Mail to:

Yash B. Dave, Esq.
**E-mail:** ydave@sgrlaw.com

*Attorneys for Defendant*


<u>**/s/Noah Storch**</u>
Noah Storch, Esq.

## PLAINTIFF'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**Interrogatory No. 2:**

Identify with specificity all hours worked for which Plaintiff claims she did not receive proper compensation, including the dates and times on which these alleged unpaid hours were worked, the work that was being completed during that time, and the individual(s) who instructed Plaintiff to perform the work.

**SUPPLEMENTAL ANSWER**: Unpaid Overtime hours

Pay date 5/24/13 (5/1/13-5/15/13)  9.35

Pay date 8/9/13 (7/16/13-7/31/13) 12.37

Pay date 10/10/13 (9/16/13-9/30/13) 10.58

**$13.46 x .5 = $6.70 x 32.50 hours of overtime = $216.41 (unliquidated) and $432.82 (liquidated).**


Pay date 2/10/14 (1/16/14-1/31/14) 16.96

Pay date 3/25/14(3/1/14-3/15/14) 2.83 12.27

Pay date 4/10/14 (3/16/14-3/31/14) 6.62

Pay date 4/25/14 (4/1/14-4/15/14) 8.41

Pay date 5/23/14 (5/1/14-5/15/14) 19.11

Pay date 8/25/14(8/1/14-8/15/14) 12.72

Pay date 9/10/14 (8/16/14-8/31/14) 9.58

**$13.90 x .5 = $76.98 x 88.50 hours of overtime = $615.08 (unliquidated) and $1230.15 (liquidated).**

Pay date 10/10/14(9/16/14-9/30/14)

Pay date 10/9/15(9/16/15-9/30/15)

**$14.39 x .5 = $7.20 x 21.528 hours of overtime = $155.34 (unliquidated) and $310.68 (liquidated).**

Pay date 11/10/15 (10/16/15-10/31/15)

**$14.78 x .5 = $7.39 x21.83 hours of overtime = $161.32 (unliquidated) and $322.65(liquidated).**

**Interrogatory No. 9:**

Identify separately each item of damages Plaintiff is seeking in this matter, and for each item state the following:

**ANSWER**:

*See* **Plaintiff's Answers to Supplemental Responses to Interrogatories #2**

**Interrogatory No. 14:**

Please identify each workweek that Plaintiff contends she was paid straight time for overtime hours worked as alleged in Plaintiff's response to the Court's Interrogatory No. 6.

**ANSWER:**

*See* **Plaintiff's Answers to Supplemental Responses to Interrogatories #2**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**SHERMANITA MCCANTS,**

       **Plaintiff,**

**v.**                                **Case No.:  3:16-cv-435-J-34PDB**

**ENHANCED RECOVERY**
**COMPANY, LLC,**
**A Foreign Limited Liability Company,**

       **Defendant.**
_____/

**PLAINTIFF'S RESPONSES TO DEFENDANT'S**
**SECOND SET OF INTERROGATORIES**

     Plaintiff, SHERMANITA MCCANTS, by and through his undersigned counsel, pursuant to the Local Rules for the Middle District of Florida and the Federal Rules of Civil Procedure, hereby serves his responses to Defendants' First Set of Interrogatories.

     Dated:  May 11th, 2017.

                         Respectfully Submitted,

                         */s/ NOAH E. STORCH*
                         Noah E. Storch, Esq.
                         Florida Bar No.: 0085476
                         RICHARD CELLER LEGAL, P.A.
                         7450 Griffin Road, Suite 230
                         Davie, Florida  33314
                         Telephone: (866) 344-9243
                         Facsimile: (954) 337-2771
                         Email:  **noah@floridaovertimelawyer.com**

                         *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11ᵗʰ day of May, 2017, I sent the foregoing via U.S. Mail and E-mail to:

Patricia J. Hill, Esq.
**SMITH, GAMBRELL & RUSSELL, LLP**
50 N. Laura Street, Suite 2600
Jacksonville, Florida  32202
Email: pjhill@sgrlaw.com

Yash B. Dave, Esq.
**SMITH, GAMBRELL & RUSSELL, LLP**
50 N. Laura Street, Suite 2600
Jacksonville, Florida  32202
Email: ydave@sgrlaw.com

By:_____
Noah E. Storch, Esq.

## **PLAINTIFF RESPONSES TO INTERROGATORIES**

**Interrogatory No. 17:**

Describe with specificity how Plaintiff calculated the hours worked for which she claims she did not receive proper overtime compensation as identified in her supplemental response to Interrogatory No. 2. In answering this interrogatory, please describe how Plaintiff calculated her unpaid overtime hours for each pay date identified in her supplemental response to Interrogatory No. 2.

**ANSWER**:

Based on my time records, my attorneys and I have calculated the following unpaid overtime hours

Pay date 5/24/13 (5/1/13-5/15/13) 9.35

Pay date 8/9/13 (7/16/13-7/31/13) 12.37

Pay date 10/10/13 (9/16/13-9/30/13) 10.58

**$13.46 x 1.5 = $20.19 x 32.30 hours of overtime = $652.14 (unliquidated) and $1,304.27 (liquidated).**


Pay date 2/10/14 (1/16/14-1/31/14) 16.96

Pay date 3/25/14(3/1/14-3/15/14) 2.83 12.27

Pay date 4/10/14 (3/16/14-3/31/14) 6.62

Pay date 4/25/14 (4/1/14-4/15/14) 8.41

Pay date 5/23/14 (5/1/14-5/15/14) 19.11

Pay date 8/25/14(8/1/14-8/15/14) 12.72

Pay date 9/10/14 (8/16/14-8/31/14) 9.58

**$13.90 x 1.5 = $20.85 x 85.67 hours of overtime = $1,786.22 (unliquidated) and $3,572.44 (liquidated).**

**Interrogatory No. 18:**

Identify any and documents supporting and persons with knowledge of Plaintiff's calculation of overtime hours worked as identified in her supplemental response to Interrogatory No. 2.

**ANSWER**:

I previously provided all my earning statements that were used to answer my response to Supplemental Interrogatory Number 2.