**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHERMANITA MCCANTS,

               Plaintiff,

-vs-                                                    Case No. 3:16-cv-435-J-34PDB

ENHANCED RECOVERY
COMPANY, LLC,

               Defendant.
_____

## **ORDER**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Complaint, or Alternatively for Order to Show Cause and Supporting Memorandum of Law (Dkt. No. 28; Motion) filed on August 25, 2017. In the Motion, Defendant Enhanced Recovery Company, LLC ("ERC"), pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (Rule(s)), seeks dismissal of Plaintiff's Complaint, or alternatively an order to show cause why the case should not be dismissed. See Motion at 1. When Plaintiff Shermanita McCants ("McCants") failed to file a response to the Motion, the Court entered an Order (Dkt. No. 29; Order to Respond) on September 19, 2017, advising McCants that if she did not file a response to the Motion by October 4, 2017, the Court would treat the Motion as being unopposed. As of this date, McCants has failed to file a response or a request for an extension of time in which to do so. Accordingly, the Motion is due to be resolved.

## I. BACKGROUND

McCants initiated this action on April 13, 2016, by filing her Complaint and Demand for Jury Trial (Dkt. No. 1; Complaint) alleging that ERC failed to pay overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). On May 4, 2016, ERC filed an Answer (Dkt. No. 7) denying that it violated the FLSA. The parties then proceeded in accordance with the FLSA Scheduling Order (Dkt. No. 4) entered on April 15, 2016. After the parties exhausted all settlement efforts, they filed their Case Management Report (Dkt. No. 20), and on September 9, 2016, the Court entered a Case Management and Scheduling Order and Referral to Mediation (Dkt. No. 21; CMSO).

On June 13, 2017, counsel for McCants filed a Motion to Withdraw (Dkt. No. 25; Motion to Withdraw) advising the Court that irreconcilable differences had arisen between counsel and McCants that would make it impossible to continue representing her in this matter. The Honorable Patricia D. Barksdale, United States Magistrate Judge, entered an Order granting the Motion to Withdraw on June 30, 2017. See Order (Dkt. No. 27; Order on Motion to Withdraw). In that same Order, the Court directed new counsel to file a notice of appearance or McCants to file a notice advising the Court that she intended to represent herself by July 31, 2017, and also extended the deadlines set forth in the CMSO to allow McCants the opportunity to find new counsel. See id. When McCants failed to file any such notice, and no appearance had been made by new counsel on her behalf, ERC filed the instant Motion.

## II.     STANDARD OF REVIEW

Rule 41(b) of the Federal Rules of Civil Procedure "authorize[s] a district court, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule." Manning v. Ga. Med. Billing Specialists, Inc., No. CV 204-186, 2005 WL 1638369, at *1 (S.D. Ga. July 12, 2005) (citing Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)). A pro se litigant who fails to follow an order of the court or exhibits a lack of respect for the court and its authority may be subject to Rule 41(b) dismissal. Gaines v. Bryant, No. 2:05-CV-1124-MEF, 2008 WL 696828, at *2 (M.D. Ala. March 13, 2008); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Indeed, a pro se plaintiff is "subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." Moon, 863 F.2d at 837.

Pursuant to Rule 41(b), dismissal of an action is appropriate when there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth, 766 F.2d at 1535; see also Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir. 1980).[1] Rule 41(b) makes clear that a trial court has discretion to impose sanctions on a party who fails to adhere to court rules. See Fed. R. Civ. P. 41(b); see Goforth, 766 F.2d at 1535). However, that discretion is not unlimited, and the Court is mindful that dismissal with prejudice "is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." McKelvey v. AT & T Technologies, Inc., 789 F.2d 1518, 1520 (11th Cir. 1986).  "A finding of such extreme

---

[1] This case and all Fifth Circuit cases decided prior to September 30, 1981, are binding precedent pursuant to Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

circumstances necessary to support a sanction of dismissal must, at a minimum, be based on evidence of willful delay." Id. at 1520. "A party's simple negligence or other action grounded in a misunderstanding of a court order does not warrant dismissal." EEOC v. Troy State University, 693 F.2d 1353, 1357 (11th Cir. 1982).

### III. DISCUSSION

McCants has been provided with more than enough time and ample opportunity to comply with this Court's Orders and to prosecute this action. In the Order on Motion to Withdraw, McCants was given thirty-one (31) days to retain new counsel or to file a notice advising the Court that she intended to represent herself. See Order on Motion to Withdraw at 1. She filed nothing at all in response to that Order. After ERC filed the instant Motion, McCants again failed to respond prompting the Court to enter an order giving her an additional opportunity to oppose dismissal. See Order to Respond. Yet, McCants has failed to file any opposition, any response or any motion for an extension of time.

In addition, ERC sets forth in detail in the Motion its efforts to attempt to reach McCants with regard to this matter. ERC attempted to contact McCants by telephone on August 7, 2017, and through letters on August 18, 2017 and August 21, 2017. See Motion at 2. ERC also attempted to confer with McCants prior to filing the Motion as required by Local Rule 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)), but all such attempts were futile. See id.

Most recently, on October 3, 2017, ERC filed a motion for summary judgment seeking entry of summary judgment as to the entirety of this action. See Defendant's Dispositive Motion for Summary Judgment (Dkt. No. 30; Motion for Summary Judgment). That same

day, the Court entered a Summary Judgment Notice (Dkt. No. 31) advising McCants of her need to respond to the Motion for Summary Judgment. McCants' response to this motion was due to be served by October 17, 2017. As of the date of this Order, McCants has not responded to the Motion for Summary Judgment.

The record in this case is one of willful delay and reflects that McCants has altogether abandoned this action. She is no longer responding to opposing counsel as required by the Rules and Local Rules, and she is not responding to Court Orders. Notably, the delay and recalcitrance is directly attributable to McCants herself and not to counsel. "Dismissal under Rule 41(b) is appropriate where there is . . . an implicit or explicit finding that lesser sanctions would not suffice." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court finds based upon the record in this action, and in particular McCants' failure to respond to any communication from counsel or the Court or meet any deadline, that imposing an alternative or lesser sanction on McCants will not curtail or deter her disregard of Court Orders or her litigation obligations. The Court has given her ample opportunity to properly prosecute this action, and she has simply refused.

## IV.  CONCLUSION

Having considered the arguments set forth in the Motion, and the entire record of this case, the Court is convinced that it is appropriate to grant the Motion and dismiss this case with prejudice.

Accordingly, it is hereby **ORDERED**:

1.  Defendant's Motion to Dismiss Complaint, or Alternatively for Order to Show Cause and Supporting Memorandum of Law (Dkt. No. 28) is **GRANTED**.

2. This case is **DISMISSED with prejudice**.

3. The Clerk of Court is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 19th day of October, 2017.

MARCIA MORALES HOWARD
United States District Judge

ja
Copies to:
Counsel of Record
Pro Se Parties